Yosef Peretz (SBN 209288)
yperetz@peretzlaw.com
David Garibaldi (SBN 313641)
dgaribaldi@peretzlaw.com
PERETZ & ASSOCIATES
22 Battery Street, Suite 202
San Francisco, CA 94111
Telephone: 415.732.3777
Facsimile: 415.732.3791

Attorneys for Defendant PLATINUM ROOFING, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVEREST SYSTEMS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM ROOFING, INC., a California corporation; and does 1-10,<br><br>Defendants. | Federal Case No. 19-cv-03133-BLF<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## I.   INTRODUCTION

On June 5, 2019, Defendant Platinum Roofing, Inc. ("Platinum") removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Dkt. No. 1.] On June 21, 2019, the Court noted that Platinum is a California corporation with its principal place of business in San Jose, California, and that 28 U.S.C. § 1441(b)(2) states that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This alone, however, does not mandate the remand of an action. Platinum's decision to remove this action to federal court based on diversity jurisdiction is a waivable and non-jurisdictional procedural defect. Here, through its actions in this matter while it has been pending in federal court, Plaintiff Everest Systems Company ("Everest") has *already* waived Platinum's violation of 28 U.S.C. § 1441(b)(2).

Everest waived the procedural defect in Platinum's removal of this action by indicating its intent to participate in this action in federal court.  First, Everest voluntarily and willingly freely decided to serve Platinum with its initial disclosures pursuant to Federal Rule of Civil Procedure ("FRCP") 26 early, nearly three months before its deadline to do so.  As such, Everest voluntarily decided to participate in the discovery scheme proscribed by the FRCP, even though it had no obligation to do so at the time and still had ample time to seek remand.  Second, Everest then consented to the jurisdiction of a magistrate judge in this court.  Its consent to magistrate jurisdiction demonstrates an affirmative intent to remain in federal court because magistrate judges in the Ninth Circuit are not empowered to issue orders remanding a matter back to state court.  *Flam v. Flam,* 788 F.3d 1043, 1046-47 (9th Cir. 2015).  By consenting to magistrate jurisdiction, Everest implicitly demonstrated that it would not seek to remand this case.  As such, Everest waived its ability to remand this action, and the Court should not grant remand at this stage solely because Everest appears to have "changed its mind" at the eleventh hour and filed this motion on the last date it could do so.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Everest initially filed this matter in Santa Clara Superior Court on March 18, 2019.  [Dkt. No. 1-1 (4-11) ("Complaint").]  After some meet and confer between the Parties, Everest filed a First Amended Complaint in Santa Clara Superior Court on May 6, 2019.  [Dkt. No. 1-1(13-67) ("FAC").]  Therein, Everest alleges that Platinum breached a series of oral and written contracts with Everest for the purchase of various roofing materials and supplies.  [*Id*.]  On June 5, 2019, Platinum filed an Answer in Santa Clara Superior Court and that same day then removed the case to this Court, alleging that the First Amended Complaint itself alleged that there was complete diversity of citizenship between the parties and that this diversity was corroborated by various public filings.  [Dkt. No. 1.]  The Parties counsel had a short preliminary exchange about resolving matters informally, and then Everest, voluntarily and without any prompting or request, provided Platinum with its initial disclosures in this matter on June 17, 2019, well before its deadline to do so.  [Declaration of Yosef Peretz in Opposition to this Motion ("Peretz Decl.") at ¶ 2, Exhibit 1; *contra* Dkt. No. 3 (deadline to complete initial disclosures at that time was August 28, 2019).]  On June 19, 2019, Everest then consented to the jurisdiction of a magistrate judge in this Court.  [Dkt. No. 4.]  On June 20, 2019, Platinum declined magistrate jurisdiction.  [Dkt. No. 5.]

On June 21, 2019, the Court issued an Order to Show Cause Why Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("OSC"). [Dkt. No. 9.]  Everest's counsel followed up with Platinum's counsel about the OSC, and Platinum, prior to drafting its response to the OSC or researching the legal issue raised therein, admitted that remand was likely "should [Everest] decide to remand the case." [Kandel Decl. at Exhibit 3.]  On June 26, 2019, Platinum filed an Amended Answer and Counter-Claim, alleging eight counter-claims/causes of action against Everest. [Dkt. No. 10.]  Thereafter, on July 3, 2019, Platinum filed its response to the OSC, explaining that the Court could not remand this action *sua sponte* for a violation of 28 U.S.C. § 1441(b)(2), the "forum defendant rule," and that even if it could, Everest had already waived its right to remand this action for a violation of the forum defendant rule. [Dkt. No. 11.]  On July 5, 2019, Everest filed this Motion, arguing that it had not waived its right to seek a remand of this action and that Everest should be allowed to proceed in state court. [Dkt. No. 12.]

### III.    LEGAL ARGUMENT

#### A.    Diversity Jurisdiction Exists in this Action

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

#### 1.    Complete Diversity of Citizenship Exists Between the Parties

The citizenship of an LLC is the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  The citizenship of natural persons is determined by that person's domicile, their "permanent home, where she resides with the intention to remain or to which she intends to return … [a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853. A person capable of selecting his or her own domicile does so by establishing (1) some physical presence in a new location, (2) with intent to remain there indefinitely. *Lew v. Moss* (9th Cir. 1986) 797 F.2d 747, 750.  "Indefinitely" does not mean forever, but means more than temporarily.  *Id*.  A person's domiciliary intent may be gauged by various objections factors, including the length of residence, employment, location of assets, voting registration, address shown on the individual's driver's license, payment of state taxes, receipt of mail, representations in

public documents, location of family, and connections to the community. *See Middleton v. Stephenson* (10th Cir. 2014) 749 F.3d 1197, 1201-1202. Meanwhile, the citizenship of a corporation is determined by the state where it has been incorporated *and* the state where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," or in other words, its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Everest alleges that "at all times" mentioned in the Complaint, it is and was a "Limited Liability Company, organized and existing under the laws of the State of Texas." [Complaint at ¶ 1, FAC at ¶ 1.] Further, a public information report from the website of the Secretary of State of Texas shows that Everest is located in Texas and that all of Everest's members, officers, and directors (one person – John Linnell) resides in the State of Texas. [A true and correct copy of these publicly available reports from the website of the Secretary of State of Texas are attached to the Peretz Decl. at ¶ 3, Exhibit 2.] Conversely, Everest alleges that Platinum is a California corporation with its principal place of business located at 1900 Dobbin Drive, San Jose, California. [Complaint at ¶ 2; FAC at ¶ 2.] This is correctly reflected by a Statement of Information pertaining to Platinum available on the website of the Secretary of State of California. [A true and correct copy of this Statement of Information is attached to the Peretz Decl. at ¶ 4, Exhibit 3.] As such, according to facts on the face of the complaint and available on public documents, Everest is a citizen of Texas and Platinum is a citizen of California, thereby establishing complete diversity of citizenship between the parties in this case.

### 2. The Amount-in-Controversy Requirement is Satisfied

To meet the amount in controversy requirement, the damages claimed by a Plaintiff must exceed $75,000. 28 U.S.C.A § 1332(a); *Freeland v. Liberty Mut. Fire Ins. Co.* 632 F.3d 250, 253 (6th Cir. 2011). The amount in controversy is determine from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.* (1938) 303 U.S. 283, 289. Here, Everest alleges that Platinum has breached contractual obligations owed to Everest by failing to compensate Everest for materials in the amount of no less than "$228,429.99, plus interest thereon at a rate of ten percent (105) per annum." [Complaint at ¶¶ 15, 18-19, 21-22, 25, and the Prayer for Relief, FAC at ¶¶ 16, 19-20, 22-23, 26 and the Prayer for Relief.] Platinum has generally and specifically denied each and every allegation in the FAC, including the damages asserted therein, and had alleged counter-claims against Everest in excess of $50,000 in contract claims and

additional damages according to proof for misappropriating trade secrets.  [Dkt. No. 10.] Accordingly, the amount in controversy is no less than $228,429.99, and is therefore greater than $75,000.  As such, this Court has subject-matter jurisdiction over this action through diversity jurisdiction under 28 U.S.C. § 1332.

### B. The Forum Defendant Rule

28 U.S.C. § 1441(b)(2) states that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  In 2006, the Ninth Circuit was confronted with the question of whether this rule is "jurisdictional or procedural, and this whether a violation of this rule constitutes a jurisdictional or procedural defect." *Lively v. Wild Oats Markets, Inc.* (2006) 456 F.3d 933, 935.  The Ninth Circuit ultimately decided that this statute, referred to as the "forum defendant rule," is "procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's *sua sponte* remand order."  *Id*. at 936.  Instead, its violation is a waivable and non-jurisdictional procedural defect "subject to the 30-day time limit imposed by [28 U.S.C.] § 1447(c)."  *Id*.  As such, the removal of this action still left Everest with the power of forum selection, which could be exercised by a timely motion to remand to state court or by doing nothing and allowing it to remain in federal court.  *Id*. at 940.  However, this power is subject to waiver.

### C. Everest Has Waived Its Right to Remand this Action

A plaintiff may "waive the right to remand" a matter "by (1) failing to file a timely motion to remand on a non-jurisdictional defect" or "(2) engaging in affirmative conduct suggesting a waiver of the right to remand."  *SWC, Inc*. v. Elite Promo, Inc., 234 F.Supp.3d 1018, 1022 (N.D. Cal. 2017).  "The type of post-removal conduct that has been held to constitute waiver of the right to remand is 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'"  *Owens v. Gen. Dynamics Corp.* (S.D. Cal. 1988) 686 F.Supp. 827, 830; *see also SWC, Inc.*, 234 F.Supp.3d at 1023.  A district court "has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings."  *SWC, Inc.*, 234 F.Supp.3d at 1023.  Generally, waiver has been found where a plaintiff "has filed numerous pleadings and discovery requests after a case has been removed," and waiver has not been found where a plaintiff "undertakes minimal or expected case-management obligations once a case is removed."  *Id*.

### 3. Everest Voluntarily Served Rule 26 Initial Disclosures

On June 17, 2019, Everest served on Platinum its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), disclosing relevant witnesses, documents, electronic records, and a damages calculation, along with a 155-page production of documents. [Dkt. No. 11 at Exhibit A; Peretz Decl. at ¶ 2, Exhibit 1.] This service was early, as its initial disclosures were not due at that time until nearly two and one half months later, on August 28, 2016, pursuant to the Court's Initial Order Setting Initial Case Management Conference and ADR Deadlines executed on June 6, 2019. [Dkt. No. 3.] Everest claims that its service of initial disclosures was only a "minimal and expected case management obligation" and could not function as a waiver of its right to remand this action, and that it only served its initial disclosures early in an effort to settle this case. However, Everest's early service of initial disclosures was certainly not "minimal" since its disclosures included 11 witnesses, 155 documents, and a complex damages calculation. [Dkt. No. 11 at Exhibit A; Peretz Decl. at ¶ 2, Exhibit 1.] Nor were the disclosures "expected," as Everest was not required to make them until August 28, 2016. [Dkt. No. 3.] While there had been some preliminary communications about quickly resolving the matter informally, Platinum never requested that Everest submit its initial disclosures early. [Peretz Decl. at ¶ 2, Exhibit 1.] Moreover, Everest could easily have shared evidence in support of its claims in an attempt to settle this action *without* characterizing them as Initial Disclosures pursuant to Rule 26. However, by doing so, Everest availed itself of the obligations imposed by the Federal Rules of Civil Procedure, and clearly wanted to create a record that it had complied with its Rule 26 obligations once the case proceeded before this Court. As such, Everest demonstrated an intent to submit to the jurisdiction of this Court, thereby waiving its right to seek remand of this action back to state court at a later time. For these reasons, the Court should now deny the instant motion.

### 4. Everest Submitted to Magistrate Jurisdiction, Indicating it Would Not Seek Remand of this Action

On June 19, 2019, Everest filed a Consent to the Jurisdiction of a Magistrate Judge in this Court, consenting to have a magistrate judge "conduct all further proceedings in this case, including trial and entry of final judgment." [Dkt. No. 4.] However, it is well-settled, in the Ninth Circuit as well as its sister circuits, that "a motion to remand is a dispositive one, and therefore…a remand order is beyond the power of a magistrate judge to issue." *Flam*, 788 F.3d at 1046-47. Instead, when presented with a motion for remand, all a magistrate judge could do absent the

consent of all parties is "provide a report and recommendation to the district court that is subject to *de novo* review." *Id.*, *citing Williams v. Beemiller, Inc.* 527 F.3d 259, 266 (2nd Cir. 2008). Thus Everest, by consenting to magistrate jurisdiction for "all further proceedings in this case," unequivocally assented that it would not be seeking remand of this action back to state court, because the magistrate would not have had the power to order remand. The fact that Platinum ultimately declined magistrate jurisdiction should not serve to allow Everest to seek remand now where it previously demonstrated it would not do so. *SWC, Inc.*, 234 F.Supp.3d at 1023.

Everest justifies its decision to consent to magistrate jurisdiction by claiming that it reflected its intent to resolve this dispute expeditiously, and that its consent was no more than a routine case management requirement. However, Everest ignores that the precise reason that magistrate jurisdiction results in cases being resolved more quickly than when before a district judge is because, without the consent of all parties, magistrate judges lack the power to hear numerous dispositive motions, including "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action," or, as demonstrated by *Flam*, to remand actions back to state court. 28 U.S.C. § 636(b)(1)(A); *Flam*, 788 F.3d at 1046-47. Thus, the filing of consent to magistrate jurisdiction implicitly demonstrates an intention that the consenting party will not seek to file any such motions. Accordingly, Everest engaged in "affirmative conduct" demonstrating its intention to proceed with this matter in federal court, waiving its right to now seek remand back to state court.

**D.    Everest is not Entitled to Attorneys Fees and Costs Associated with its Motion to Remand**

Finally, Everest asks the Court for an order awarding it all just costs and actual expenses, including attorney fees, incurred as a result of the removal of this action under 28 U.S.C. § 1447(c). Everest claims that Platinum had no objectively reasonable basis for removing this action because it violated the forum defendant rule, acknowledged its violation of the forum defendant rule when responding to the OSC, and refused to stipulate to remand after filing its response. However, Platinum had an objectively reasonable basis for removing this action in spite of the existence of forum defendant rule, eliminating Everest's right to its costs and attorney fees. As demonstrated by the First Amended Complaint, Everest alleged complete diversity of

the Parties, asserting that it is a citizen of the State of Texas and that Platinum is a citizen of the State of California. [Dkt. No. 1-1(13-67).] While it is true that Platinum was a citizen of the county in which the action was filed in state court, Everest ignores that violation of the forum defendant rule is a waivable and non-jurisdictional defect, which left Everest with "control over forum selection by requesting that the case be remanded to state court" or by doing nothing and allowing it to remain in federal court. *Lively,* 456 F.3d at 940. Since an action may still be remanded and may even remain in state court even where violation of the forum defendant rule occurs, Platinum's decision to seek removal in spite of violating the forum defendant rule was not objectively unreasonable, since Everest could have consented to keeping the case in federal court.

Moreover, Everest *did* in fact consent to keep this case in federal court by waiving its right to remand when it unilaterally chose to submit its Initial Disclosures under Rule 26 and avail itself of the obligations and protections of the FRCP, and when it consented to magistrate jurisdiction before this Court in an admitted attempt to have this case resolved expeditiously. Thus, Everest's waiver of its right to remand shows that Platinum had an objectively reasonable basis to seek removal even where it was going to violate the forum defendant rule, since its violation did not outright preclude removal absent Everest's consent or opposition. For those reasons, the Court should not grant Everest's request for an award of fees and costs in this matter, solely because Everest changed its mind about its chosen forum of this action at the eleventh hour. At the very least, the Court should recognize that Platinum had an objectively reasonable basis to seek removal in spite of the forum defendant rule due to its non-jurisdictional and waivable nature, and should therefore not award fees or costs to Everest.

## IV. CONCLUSION

Based on the foregoing, Everest has waived its right to seek remand of this action and the Court should deny its motion to remand, as the Parties are citizens of different states and the amount in controversy requirement for diversity jurisdiction is met. The Court should also not award any fees or costs to Everest for its expenses incurred in connection with this motion as Platinum had an objectively reasonable basis to assert it.

1  Dated:                                    PERETZ & ASSOCIATES

                                             By: _____
                                             Yosef Peretz
                                             David Garibaldi
                                             Attorneys for Defendant PLATINUM
                                             ROOFING, INC.