**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVEREST SYSTEMS COMPANY,<br>Plaintiff,<br>v.<br>PLATINUM ROOFING, INC.,<br>Defendant. | Case No. 19-cv-03133-BLF<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; VACATING OCTOBER 10, 2019 HEARING; GRANTING MOTION TO REMAND** |

On June 5, 2019, Defendant Platinum Roofing, Inc. ("Platinum") removed this case to federal court on the basis of diversity jurisdiction. *See* Not. of Removal ("NOR"), ECF 1. Platinum is a California corporation with its principal place of business in San Jose, California. *Id.* at 2; Peretz Decl. ISO Removal, Ex. 5, ECF 1-1. On June 21, 2019, the Court issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction under the "forum defendant rule," 8 U.S.C. § 1441(b)(2), which states that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." ECF 9. On July 3, 2019, Platinum responded conceding that it had improperly removed the case under Section 1441 but arguing that the defect is a "waivable and non-jurisdictional procedural defect" not subject to *sua sponte* remand. ECF 11 at 1. The Court agrees and DISCHARGES the Order to Show Cause.

On July 5, 2019, thirty days after Platinum filed its Notice of Removal, Plaintiff Everest Systems Company ("Everest") moved to remand the case under the forum defendant rule. ECF 12. This motion was timely under 28 U.S.C. § 1447(c). The Court finds the motion suitable for disposition without oral argument, Civ. L.R. 7-1(b), and VACATES the October 10, 2019 hearing.

Platinum's only rejoinder to remand is that Everest "waived the right to remand by . . . engaging in affirmative conduct suggesting a waiver of the right to remand." *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022 (N.D. Cal. 2017) (citing *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988)). Platinum argues that Everest engaged in such conduct by serving initial disclosures two months before the deadline in the case and consenting to magistrate judge jurisdiction. *See generally* Opp., ECF 16.

To waive a remand challenge by affirmative conduct, the plaintiff must engage in "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand." *SWC Inc.*, 234 F. Supp. 3d at 1022. Generally, "[w]aiver of the right to remand has been found where [the] plaintiff has filed numerous pleadings and discovery requests after a case has been removed to federal court." *Id.* at 1023. By contrast, "[c]ourts generally have not found waiver where a plaintiff undertakes minimal or expected case-management obligations once a case is removed." *Id.* at 1023; *see, e.g.*, *Student A. By & Through Mother of Student A. v. Metcho*, 710 F. Supp. 267, 269 (N.D. Cal. 1989) (finding the plaintiff did not waive her right to remand by filing a jury demand); *Magill v. Wick Towing, Inc.*, No. C16-0348 JLR, 2016 WL 3476449, at *2 (W.D. Wash. June 21, 2016) (finding the plaintiff did not waive his right to remand by filing a joint status report and serving initial disclosures).

Here, Everest's conduct clearly falls in the category of "minimal or expected case-management obligations" rather than "numerous pleadings and discovery requests." There is no way to construe Everest's action here as "unequivocal assent." In consenting to the magistrate judge, Platinum was simply complying with its court-ordered deadline. *See* ECF 3 (setting consent/declination deadline to June 19, 2019); *see Student A*, 710 F. Supp. at 269. That Everest consented does not demonstrate its affirmative consent to be in federal court. As Platinum recognizes, magistrate judges can issue a report and recommendation to remand. *See* Opp. at 6; *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). Plaintiffs like Everest still need to perform their case management obligations in the thirty days in which they have to prepare any motion to remand. Likewise, Everest's early service of initial disclosures within the thirty day window is in no way an indication that it intended to remain in federal court. *See Magill*, 2016 WL 3476449, at

2

\*2. As such, Everest did not waive its right to move to remand based on the forum defendant rule.

Everest also moves for attorneys' fees and costs in the amount of $2,800 for its efforts in opposing removal. *See* Reply at 2, ECF 17; Kandel Decl. ISO Reply ¶¶ 3–7, ECF 17-1. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have wide discretion in deciding to award fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The Court can find no objectively reasonable basis for Platinum to seek removal here, when its removal was clearly barred by the forum defendant rule. Even though this rule is merely procedural and thus waivable, it would flout the forum defendant rule if the Court were to condone in-state defendants baselessly removing to federal court in the hopes that a plaintiff will waive its right to remand. Neither the removal statute nor this Court countenances such wasteful gambling.

Everest's motion to remand is GRANTED, and Everest is awarded fees in the amount of $2,800. Plaintiff's counsel's hourly rate of $350/hour is reasonable considering counsel's years of experience and comparable rates charged in this District. Compensation for eight hours of attorney time to draft this motion and reply is also reasonable based on the nature and complexity of the issues presented.

The Clerk shall REMAND this case to Santa Clara County Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file

**IT IS SO ORDERED.**

Dated: July 26, 2019

_____
BETH LABSON FREEMAN
United States District Judge

3